We'll hear next from the parties in Loubier Irrevocable Trust versus Loubier. May it please the court, I'm attorney Eddie Zyko representing the appellant trusts in this matter and I have claimed three minutes for rebuttal. The real question on this appeal is whether Justice Sotomayor, who is the author of the Supreme Court's decision in Americold Logistics, intended to overrule her own decision for this court in Catskill Development versus Park Place Entertainment. The sites are in my papers. If Catskill remains a good law, the determination of the district court must be reversed. Americold did not change the rule for trusts. Americold expressly approved Navarro Savings Association versus Lee, the sites are in my papers, which should be dispositive. Under Navarro, in a trust case where the trustee has typical trust duties, diversity jurisdiction rests on the basis of the trustee's own citizenship in the absence of allegations of sham work collusions to manufacture diversity jurisdiction. This case is quite simple and there is diversity based upon that rule. Here, we're seeking an accounting. Appellant is the sole trustee of both appellant trusts. He is a citizen of Quebec and Canada. All of the defendants are citizens of Florida. The trustee is clearly the real party in interest and it is the trustee's citizenship that controls. The complaint alleges that each of the plaintiff's trusts has a situs in Connecticut, which pursuant to the trust's expressed terms. Why didn't you sue in the name? Say again, Your Honor? Why didn't you just have the trustee sue? I mean, this is your complaint. Well, I understand, but on your theory that the trustee is the party who has the ability to sue for the trust, why didn't you just bring this in the trustee's name? Your Honor, there is no reason why it couldn't be done that way. And so we have chosen to do it. I don't think that is a, I realize I'm sitting, I'm standing on this side of the bench, but I don't believe that that is a relevant factor. I mean, the party in interest. Say again, Your Honor? The party in interest was the trust. But according to the settled law, a trustee can file on behalf of the trust and that was done. I was in support of your position of the appropriateness of couching the complaint as a suit of the trust, since it was the trust that said it is owed in accounting. No. Everything a judge says isn't hostile. I understand, Your Honor. Unfortunately, I think I've been doing this too long. Sorry? That's withdrawn. You've sued in the name of the trusts and then you've sued the trusts as defendants, too. Well, they are different trusts. The defendant trusts are different trusts. Yes, they are. The two trusts that I represent are irrevocable trusts. And the two trusts in Florida are revocable trusts. And the defendant, the individual defendant in Florida is the trustee of the two revocable trusts. There is a clear demarcation there. This case really is quite simple. Are the revocable trusts the real party in interest or only the trustee? Because I thought your concern was that she was not handling her trustee responsibilities in a way that preserved the assets. Well, that is what our accounting is attempting to determine. We believe that that's the case, and we're seeking the accounting simply for that purpose. Very simple, straightforward accounting. And what we're looking for, the corpus – Your Honor, I'm sorry? I was going to ask you, you say that the plaintiff trusts, as to them, the citizenship is determined solely by the citizenship of the trustee, which is alien, which is Canadian. Correct. Now, as to the defendant trusts, if those trusts, if their citizenship is determined by the – would that destroy diversity? No, Your Honor, because even in that case, even in that case, the citizenship of the beneficiaries is really irrelevant under these circumstances. Because we have sued the trustee who is the real party in interest and her two revocable trusts. Now, the monies are – Who are the beneficiaries of those defendant trusts? Oh, there's a variety of them. There was quite a bit of money in these trusts, and there was a variety of them, and they're – And you're – They're in the United States. But you're asserting that the citizenship of those beneficiaries is irrelevant. Under the law, I'm not – Eddie Zyko is not – Of course I – Yeah, under the law, under these facts, they are irrelevant. The only relevancy is the citizenship of the trustee of the two plaintiff-slash-appellant trusts. And I would like to – So all you really want in which on the one side, the plaintiff's side, you have either the trustee or the beneficiaries of that – those trusts suing the trustee defendant, Noel Lubier, because you think she's not properly handling money that, when these revocable trusts end, will then go into the irrevocable trusts, right? That is correct, Your Honor. So, I mean, I am hard-pressed to understand why this case is captioned this way. Now, let me ask you another question. Noel Lubier is a beneficiary of the irrevocable trusts, right? She is a beneficiary. So if we were to think that the beneficiaries of the trusts were the real parties in interest, is she on both sides of the caption? No. Because? Because we believe that the law, as it was when I filed the lawsuit, the best – the proper way to go was naming her as a defendant-trustee for the two revocable trusts. The question was if, if the – Noel was a beneficiary of the plaintiff trusts, and if that makes her a party for citizenship purposes, then you have a Florida citizen on both sides. If. Your Honor, I don't believe, respectfully, that under these facts that that is an appropriate way to look at this case. I understand. You're saying the if is wrong. Right. You're saying that she doesn't – she isn't a plaintiff by – of her being a beneficiary of the plaintiff trust or trusts. I don't know if I got that yet. Say that again? I thought the question is about whether Noel is in effect a plaintiff because she is a beneficiary of the plaintiff trusts. Well, again, it goes back to who is the real plaintiff under these cases. And in the cases that I mentioned earlier and are in my papers in some length, Justice Sotomayor, both in this court expressly said, and in the Supreme Court, reaffirmed herself, which is nice if you can do that. If the law were that she's a plaintiff because she's a beneficiary. I know. I know. I'm saying if that were the law, then we would have a problem as to whether there was diversity. You're saying that's not the law. She is only a defendant. And as only a defendant, she's Florida and the plaintiffs are Quebec or Connecticut. That's correct, Your Honor. There might be a question about whether a party can be on both sides of the caption based on her wearing different hats. All right. I think your time is up. Your Honor, if I can just quickly respond. If you want to use your three minutes. Well, I'll use 30 seconds. And that is that none of those issues were raised below before Judge Edgington, and they should not be raised respectfully. What issues? Whether or not she should be on both sides of the caption. I'm not sure. You're saying you can waive diversity? Oh, I'm not, Your Honor. Well, that's what, in effect, we would do if we didn't hear the issue. I understand. But it would seem to me with, again, due respect and fair play, I would have been given an opportunity to brief that issue, rather than having to give an answer off the top of my head right here. Okay. With that, I'll sit down, Your Honor. Thank you. May it please the Court, Your Honors. Howard Kamrick, on behalf of the Appellees, Noelle Elubier, and two revocable trusts. What I'd like to do, because I know we need to talk quite a bit about the Americal decision, but there are two secondary arguments that did not get supplementarily briefed, and I believe that they are dispositive of this appeal, that they undermine subject matter jurisdiction, regardless of the holding in Americal. The first issue. Regardless of whether there's diversity. No, regardless of whether the Court is to determine the citizenship of the trust by trustee only or by membership as well as trustee. The first issue is realignment of the parties. It's well settled that in a diversity analysis, a court, it's appropriate for a court to realign parties to land them in their proper place in order to conduct the analysis. The allegations of the pending complaint are so threadbare, the Court is not really able to discern on its own how to do that. But counsel, the appellant, helpfully stated in paragraph six of his amended complaint that the defendant revocable trust should be realigned as plaintiffs. That's part of the face allegations of the complaint. And if you realign the defendant revocable trust as plaintiffs and only look at the trustees, which is not what Americal said, if we only follow Navarro and look at the trustees only, you have now two revocable trusts on the plaintiff's side of the caption that are trusteed by Florida citizens. So they now bear the citizenship of Florida. And you have one party left on the defendant's side. That's Noelle Allubia. She's a Florida citizen. That destroys diversity. So realignment. Scalia. Am I wrong in my understanding? My understanding is that the plaintiffs are two irrevocable trusts and the trustee of those trusts is a citizen of Canada. And that the defendants are two irrevocable, the trustees of two revocable trusts, different trusts, and that's Noelle Allubia. And that if the rule is that the citizenship of a traditional property transferring property holding trust as distinct, for example, from one of these business forms like a REIT, is the citizenship is determined by the citizenship of the trustee, then you have the plaintiff citizenship being determined by the citizenship of a Canadian who is the trustee, and the defendants are various things of Florida, but in any event not Canada. Right, but that's what I'm saying. Counsel has instructed that the defendant revocable trust, the Florida trustee trust, should be realigned as plaintiffs. I understand he said that, but let me ask him how much sense that makes. It seems to me that the lawsuit is really about everybody who's got an interest in these revocable or irrevocable trusts taking the position that Noelle Allubia is not handling the assets in the revocable trusts in the way that they think is appropriate. So to the extent that the beneficiaries of the revocable trusts think that their assets responsibly, I'm not sure you put the trusts on the plaintiff side of the caption. You would have to have the beneficiary sue, because until she's removed, only the trustee has the ability to appear in the lawsuit on behalf of the revocable trusts. Am I missing something? It's actually hard to get our arms around what this cause of action is. One of the factual problems here, if the Court refers to the record, is that Noelle Allubia is the trustee of both revocable trusts. That's been proffered by her. One of the revocable trusts, the trustee, is another Florida citizen named Richard Thoreau. So to characterize the action --" How does that help you? What I'm saying is to characterize. What you have, if the rule continues to be, as it has been for a long, long time, that in the case of a property-owning trust, the citizenship is determined by the citizenship of the trustee, you have a Canadian bringing suit against one or maybe two Florida residents. And whether it's one or two doesn't really matter. It's Canadian against Florida, and that's diversity. I'm simply saying --" You put the revocable trust up in the plaintiffs. That's one argument. One argument is to allow the plaintiff to be the master of his complaint and realign the parties. The second argument is that counsel's proffering from the lectern here that the trustees of the irrevocable plaintiff trust is a Canadian citizen. He never proffers anywhere in the record. There's no evidence to establish that Roland Lubier, who's not a named party in this case, Roland Lubier supposedly is the trustee, according to the trust document, and according to Roland's own affidavit, is the trustee of the two plaintiff irrevocable trusts. There's no proffer that he's a Canadian citizen. I thought Judge Raji added a possibility, and I'm not sure you responded to it, and that is that the plaintiffs are, and correct me if I'm wrong, that the plaintiffs would include the beneficiaries of the trust. Is that what you're suggesting? This is the Americold holding. What Americold decided, of course, this year by the United States Supreme Court. If that were so, would there be, let's assume that the beneficiaries were plaintiffs for these purposes, would there then be diversity of citizenship or not? Not even close. And I would actually, not to take issue with your characterization, Your Honor, but the way I would characterize it is that the trusts bear the citizenship of their members. Not that Noelle Allubier now becomes a plaintiff, but that the ---- No, no, no. I didn't mean that. I meant that if one of the beneficiaries, if that were true, and one of the beneficiaries were a Floridian, then one of the plaintiffs and one of the defendants would be the same. Correct. It would be even more than one. There would be like three and three on each side. My reading of the Americold decision, Justice Sotomayor's decision, is that she undertook to outline, to distinguish between business trusts, as to which a new rule had come in, business entities which might include business trusts such as REITs and the like, which are separate legal entities created by State law that are capable of suing and being sued. And she was distinguishing them from traditional estate planning trusts, which are not distinct legal entities but denote a fiduciary relationship. And that the ---- and that in making that distinction, what she was saying was that the rule with respect to citizenship continues to be for estate planning trusts what it always has been, which is that the citizenship is determined by the citizenship of the trustee and not by the citizenship of the beneficiaries. I would read it differently. I would read it that the key test of Americold is what party do you name? Do you name the trustee? If you name the trustee, only the trustee is the citizenship that the court assesses. If you name the trust, as counsel did here, then we have to consider the membership of the trust, including its beneficiaries. Why would that be a distinction that would make that difference? It's a good question. But the Seventh Circuit, which considered the first circuit court to rule after Americold, seems to think exactly that. What the Seventh Circuit said is that Americold holds that Navarro does not establish a special rule for trust, indeed is not about trust at all. The justices explain that Navarro follows the normal rule that the citizenship of the litigant controls. A trust often is a fiduciary relationship between two people, the trustee and the beneficiary. When the trustee sues or is sued, the trustee's citizenship matters. And when a trust litigates in its own name, again, the citizenship of the party controls. I think what Justice Kagan said at the Seventh Circuit said, but why would we adopt such a rule? Because here we have this example where they've sued in the name of the trust, but the plaintiff is here saying, no, no, it really is the trustee. We could allow amendment. And yes, exactly. I mean, why wouldn't you? You're saying that this defect in diversity citizenship could simply be cured by repleting. Oh, I'm sorry. I made a mistake in bringing the complaint on behalf of the trust. I should have said the complaint on behalf of the trustee. Diversity problem is all cured. Is it that simple? It's possible that in this case it could be cured by amending the pleading. I don't really know that because I don't know. You're saying that you're saying that if the complaint had simply said the trustee is suing the revocable trust, then there'd be no problem with diversity citizenship. But the big mistake was to say the trust is suing instead of saying the trustee is suing. Right. And I think what Justice Sotomayor was saying is that in the typical case of a traditional trust, the problem takes care of itself, because the typical way, the historical way in which you sue or are sued is by and through the trustee. The Third Circuit in Emerald Investors made it clear that it's optional. It's the pleader's option. Does it matter in terms of the suit itself, relief available, for example? Does it matter whether it is the trust, including the members, or only the trustee who sues, or is the same relief available on the same grounds? I'm sorry. It's somewhat of an abstract question. I'm not sure. I'm just wondering, does it matter? The notion on the table is that all that has to happen to make this consistent with your reading of the law would be to change from the trust to the trustee as the plaintiff, and then you have diversity. And my question is, does anything else happen to the lawsuit when you change from the trust to the trustee, or is it the same lawsuit seeking the same accounting? I'm not trying to be obtuse, but I don't really know because I don't really understand the lawsuit. And I don't know that the trustee of the irrevocable trust is, in fact, the citizen of Canada. That's only being proffered here today. There was an affidavit or two that were sworn out in Quebec, but that may be all there is. Right. Am I right that the individual whose citizenship destroyed diversity here is Noelle Lubier, that as a beneficiary on the plaintiff's side of the caption, she's a Florida resident, and as a named defendant, she's a Florida resident? I would submit it goes deeper than that. There are an array of beneficiaries here. If the court applies a miracle. Who else's citizenship did we know that destroyed diversity? Name plaintiff, Gervais Lubier, who is not the trustee. He would be on both sides of the caption, too, because he's also a beneficiary of the irrevocable trust. But it is always the same person on both sides of the caption that destroys the diversity. In essence. What law recognizes that a person can sue himself? Well, again, I would not characterize it that way. I would characterize that the citizenship of the trust is determined by its members, its multifarious members. And those members. The trust is really not the party in interest. I mean, so, but I am very troubled by the notion that how we're recognizing the lack of diversity is by saying that one person is suing himself. But I wouldn't say it that way. The law recognizes that. I would say that the trust is a plaintiff. Noelle Lubier is an individual defendant. The trust is the plaintiff. The trust is a citizenship of each of its members. But the whole premise of this is that the trust is not a separate entity. And so I don't think you can so easily get out of it. But let me be sure I understand what you started with as your simple argument. Your simple argument is give the plaintiff what it asks for, which is put the revocable trusts on the plaintiff's side of the caption. And without getting into Noelle Lubier or anyone like that, deal with Richard Thoreau as the trustee. We could do that. Is he a beneficiary of any of the other trusts? No. No, I didn't think so. So we've got a Florida resident, Richard Thoreau, and we've got Noelle Lubier as a defendant, and that just destroys diversity without dealing with any of these issues? Is that your argument? Well, yes. If you one of the revocable trusts is trusteed by Richard Thoreau, a Florida citizen, that would leave him as a plaintiff. It would leave Noelle Lubier, if you realigned, as the lone defendant. But suppose Florida citizens on both sides of the caption. Either I understood or misunderstood something you said before. Forget Noelle for a moment, but let's leave her only as a Floridian and as a defendant, okay? Right. So let's take the other members, the other beneficiaries of the plaintiff trusts, right? Yes. Simple question. Are any of them Floridians? Yes. Noelle Lubier is a beneficiary of all of those trusts. No, no. I said leave her out of it. That's exactly right. Are there any other Floridians? Other Floridians. Not that I know of. So it would have to be she on both sides. Her citizenship applying on both sides. Yes. Is there any case that you can cite to us which has held that the diversity, that the citizenship of a state planning trust is determined by the citizenship of the beneficiaries as well as the trustee as opposed to by the citizenship of the trustee? Well, yes, I can. I mentioned the Third Circuit case in Emerald Investors, which is pre-Emerald. It's 2007. The Third Circuit found that it couldn't find a distinction between the two. And it said that in a traditional trust, the pleader may sue the trustee or may choose not to. In this case, counsel chose not to. And, therefore, the trust was, you know, the beneficiaries factored into the analysis. That was a case that predated Emerald. On the defense side, you mean, is that what you just said? If you chose to sue the trust, the defendant trust would have a say? Either. Either it could apply to the plaintiff, how you choose to join your plaintiff, or how you choose to sue your defendant. Emerald Investors recognized that you could do it in the name of the trust or you could do it in the name of the trustee. It's up to you. In fact, the Seventh Circuit case, not specifically but rhetorically, seems to suggest the same thing in the quote that I read earlier. That's a very post-American recent case. But your argument to us essentially depends on two things. You say you win if one of two things are true. Either we realign, take a defendant and make the defendant a plaintiff. If we do that, there's no diversity. Or if we rule that the citizenship of the plaintiff trust is to be determined by its beneficiaries in addition to its trustee. One of those two things is necessary to your prevailing. But if we don't realign them, if we don't realign them and we rule that as has always been true in the past, the trustee of an estate planning trust is determined by the citizen of the trustee, then you lose. Is that right? Well, first of all, there's a third way, which is that it is the plaintiff's responsibility to establish the citizenship and, in this Court's own words, negative the possibility that diversity is lacking, which he's failed to do by proffering any statement, affidavit otherwise, of the citizenship of the trustee of the plaintiff irrevocable trust. So that's a third way. I don't know if I mentioned that. But Your Honor's statement is correct, except I don't think that's a proper reading of Americold. I think Americold's reading is who did you join. I think the Seventh Circuit agrees that. Yes. Thank you. Thank you, Your Honor. Psycho. You ready to have the case realigned? You ready to have the revocable trusts named as plaintiffs? No, Your Honor. There is a suggestion of that in the papers. Didn't you take that position in the Court, that the revocable trusts? Not at the Court below, Your Honor. Mr. Kammerich, do you want to find the page reference for us on that? I don't remember it in the Court below. Just tell us where. Paragraph 6 of the pending complaint. Paragraph 6 of the pending complaint? Yes. The pending complaint. Is that the operating complaint? The operating complaint. The live complaint. The amended complaint. The amended complaint. Counsel, are you looking to have the revocable trusts made plaintiffs? Excuse me, Your Honor. The appendix says page 279. Thank you. Mr. Psycho. Your Honor, what was your question again? Counsel just said that at page 279 of the appendix, paragraph 6 of the amended complaint, you say that the revocable trusts should be plaintiffs in this case. It should be. It says, the Raymond Lubier Revocable Trust and the Noella Lubier Revocable Trust are also named as defendants but should be deemed to be realigned as plaintiffs given their interest in an accounting proceeding. So is that your position? Your Honor, apparently I wrote that. I do not remember writing it. But that is not my position. In light of Justice Sotomayor's, I believe, clear ---- This is the pleading that's filed now, right? Well, Your Honor ---- Am I right that this is the filed pleading, this amended complaint? Well, I understand that. But if the law ---- Is that a yes or is that a no? It is filed. Okay. It is filed. That's the pleading right now. And as was mentioned earlier, I don't know which of you said it, but I should be allowed an opportunity to replete, and I would. Well, maybe. I mean, you know, now what do you want to replete? To do what? To follow the law as reaffirmed by Justice Sotomayor. You mean to strike paragraph 6 from this complaint, which was written for reasons that you can't remember and we can't imagine? That is correct. That is correct. All right. Now, if that's the case, your adversary has said, you haven't told us the citizenship of the trustee of the irrevocable trust. Yes, I have, Your Honor. Where? That is in his own affidavit, which was signed and filed and is of record. I don't have it with me. And notarized in a little town in Quebec province. To the best of your recollection, did that say what his citizenship was or was ---- I understand it was sworn, an affidavit sworn in Canada, Quebec. But does it say specifically that he is a citizen of Quebec? Your Honor, I ---- He says he's a citizen of Connecticut. Pardon me? He says he's a citizen of Connecticut. Well, not ---- Roland Lubier is a citizen of Quebec province, Canada. Gervais Lubier, who is now deceased and his estate has been substituted for him, is a citizen of Connecticut. Let me ask you this. With respect to the trusts, is Roland directing this lawsuit? Is he directing it? Yes. I have his written authority and he has conversed with me. Given that, I don't think that's specifically stated in his affidavit, right? I don't know. I don't remember, Your Honor. All right, so what is it you're asking this court to do on appeal, just so that I know exactly what it is you're doing? Very simply, reverse the district court and send it back and let it continue being properly litigated. Withdrawing also are urging us to allow you to ---- To quote, unquote, clean up various parts of the complaint, which happens time to time. And that are what the rules permit, if necessary. I mean, it's a little puzzling why someone would file an amended complaint and include in the amended complaint a statement saying that the complaint should be further amended to change the alignment of the parties. I mean, if that was what somebody wanted to do, they would plead the realignment of the parties and not include, not say I'm amending the complaint and including a paragraph that says I should amend the complaint further. I just don't understand why anyone would do that. And you don't seem to have an explanation of why you said it. Your Honor. Any advantage that you know of to having those defendants realigned as plaintiffs? I mean, somebody wrote it. It's in there and they put it in there for a reason. The question is whether it was right or wrong or stupid or smart, what was the reason for saying it in the first place? Your Honor, what I would request is an opportunity to further brief that issue so that I can give you a proper answer rather than something that I have just winged. Were you authorized by the trustees of the replicable trusts to name them as plaintiffs? I was authorized to do whatever was necessary by Mr. Lubier, rule on Lubier as the trustee. But the replicable trusts, he is not the trustee of, right? He's the defendant. Were you, Judge? That is correct. Authorized by the defendant. He is, he, I represent rule on Lubier in his role as the trustee for the two irrevocable trusts. Right. And you filed an amended complaint that asked to have the replicable trusts realigned as plaintiffs. He did not. My question to you is did you have the authority of the trustees of those trusts to name them as plaintiffs in this lawsuit? I have no authority from the revocable trusts or, Noelle, the revocable trust trustee. None at all. You know, it's not an issue before us. But rule 11 might very well apply to such action on your part, and especially to the extent it generates litigation that has to be undone. All right. We're going to take the matter under review. Can I just add one question to the appellee? Did you raise paragraph 6 in the district court? Did you argue in the district court relying the way you're relying to us on paragraph 6? I don't recall is the best answer I can give you. The district court certainly didn't rely on it. No, the district court and the district court's ruling was, the district court was understandably confused because of some confusion as to what trust the counsel was talking about. We really briefed this fresh before this court. The whole, what ultimately became the Americold issue was not briefed below. Thank you very much. We'll take the matter under advisement.